IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| State of Connecticut,<br>c/o Office of the Attorney General<br>55 Elm Street<br>Hartford, CT 06141-0120<br><br>Mohegan Tribe of Indians of Connecticut,<br>13 Crow Hill Road<br>Uncasville, CT 06382,<br><br>   and<br><br>Mashantucket Pequot Tribe,<br>2 Matts Path<br>Mashantucket, CT 06338,<br><br>          Plaintiffs,<br><br>   v.<br><br>Ryan Zinke, in his official capacity as<br>Secretary of the Interior, and the U.S.<br>Department of the Interior,<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>          Defendants. | Civil Action No. _____ |

## **COMPLAINT**

1.     This action arises out of Plaintiffs' submission of amendments to existing tribal-state gaming compacts for review and approval by the Secretary of the Interior ("the Secretary") in accordance with the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq*. ("IGRA") and its implementing regulations.

2.      IGRA and its implementing regulations provide that, in the event the Secretary fails to affirmatively approve or disapprove a compact amendment, the Secretary must publish within 90 days of receipt, notice in the Federal Register that the amendment is "considered to have been approved," or is "deemed approved," by operation of law; IGRA and its implementing regulations leave the Secretary with no discretion to proceed in any other manner.

3.      The 90 days have passed, and the Secretary has failed to (a) treat the submitted amendments as deemed approved and (b) publish in the Federal Register notice that the amendments are deemed approved.  Thus, Plaintiffs seek declaratory and injunctive relief to require the Secretary to comply with the law.

## Parties

4.      Plaintiff State of Connecticut is a sovereign state of the United States.  The Attorney General brings this action on behalf of the State of Connecticut at the request of Governor Dannel P. Malloy to protect the interests of the state.  Conn. Gen. Stat. § 3-5.

5.      Plaintiff Mohegan Tribe of Indians of Connecticut ("Mohegan Tribe") is a federally recognized Indian Tribe, and, pursuant to IGRA, it currently operates "Class III" gaming in Connecticut in accordance with a Tribal-State gaming compact.  Pursuant to IGRA, the Mohegan Tribe gaming compact was approved by the Secretary, and notice of that approval was published in the Federal Register at 59 Fed. Reg. 65,130 (Dec. 16, 1994).

6.      Plaintiff Mashantucket Pequot Tribe is a federally recognized Indian Tribe, and, pursuant to IGRA, it currently operates "Class III" gaming in Connecticut in accordance with a Tribal-State gaming compact that was selected by a mediator.  Pursuant to IGRA, the Mashantucket Pequot Tribe gaming compact was prescribed as procedures by the Secretary,

and notice of the prescribed compact was published in the Federal Register at 56 Fed. Reg. 24,996 (May 31, 1991).

7.      Defendant Ryan Zinke, the U.S. Secretary of the Interior, is sued in his official capacity.  Pursuant to IGRA, the Secretary and his delegates are charged with reviewing tribal-state compacts, and any compact amendments, governing Class III gaming on tribal land.  Secretary Zinke is responsible for the actions and omissions described in this Complaint.

8.      Defendant U.S. Department of the Interior (the "Department") is an administrative agency of the United States responsible for administering and executing IGRA's requirements.  The Department includes the Office of Indian Gaming and Secretary Zinke's delegates, such as Michael Black, former Acting Assistant Secretary for Indian Affairs.  The Department is responsible for the actions and omissions described in this Complaint.  The Department has an address at 1849 C Street, N.W., Washington, D.C. 20240.

9.      Pursuant to IGRA and other federal statutes, Congress has entrusted the Secretary and the Department with the duty of carrying out Congress's goals of promoting tribal economic development and self-governance and executing the federal government's trust responsibility to Indian nations.

**Jurisdiction and Venue**

10.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question statute) because it arises under the laws of the United States, under 28 U.S.C. § 1362 because this is a civil action by a tribe arising under the laws of the United States, and the Mandamus and Venue Act, codified at 28 U.S.C. § 1361 because Plaintiffs seek an order to direct the Defendants to act as required by federal law.

11.     This suit alleges that the Department and the Secretary have failed to act in accordance with IGRA.  Accordingly, the Defendants have consented to suit under the Administrative Procedure Act, 5 U.S.C. § 702.

12.     The requested relief is available under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the Mandamus and Venue Act, 28 U.S.C. § 1361.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(e) because (a) a substantial part of the events, actions, and/or omissions giving rise to the claims in this complaint occurred in this judicial district, and/or (b) the Defendants reside in this judicial district.

## Statutory and Regulatory Background

14.     IGRA, 25 U.S.C. §§ 2701-2721, provides a comprehensive regulatory framework for gaming activities on Indian lands which seeks to balance the interests of tribal governments, the states, and the federal government.

15.     IGRA provides that Indian tribes may conduct Class III gaming on Indian lands in accordance with gaming compacts with states in which those lands are located. Pursuant to IGRA, Congress authorized the Secretary to approve these compacts and amendments, but under strict deadlines and conditions.

16.      IGRA and its implementing regulations require that the Secretary must either approve or disapprove a compact or compact amendment within 45 days of submittal.  If the Secretary fails to take either of these two actions within the 45 days, the compact or amendment becomes deemed approved by operation of law, or more specifically "*shall* be considered to have been approved by the Secretary, but only to the extent the compact is

consistent with the provisions of this chapter." 25 U.S.C. § 2710(d)(8)(C) (emphasis added); *see* 25 C.F.R. § 293.12 (extending this mandate to compact amendments).

17.     Pursuant to IGRA and its implementing regulations, the Secretary may only disapprove a compact or amendment for three reasons:  (i) it violates IGRA, (ii) it violates any other provision of Federal law that does not relate to jurisdiction over gaming on Indian lands, or (iii) it violates the trust obligations of the United States to Indians.  *See* 25 U.S.C. § 2710(d)(8)(B); 25 C.F.R. § 293.14.

18.     Once a compact or amendment is affirmatively approved or deemed approved by operation of law, IGRA and its implementing regulations provide that the Secretary "*shall* publish in the Federal Register notice of any Tribal-State compact that is approved, or considered to have been approved . . ." 25 U.S.C. § 2710(d)(8)(D) (emphasis added); *see* 25 C.F.R. § 293.15 (extending this requirement to compact amendments).

19.     The Secretary must publish such notice of approval in the Federal Register within 90 days from the date the compact or amendment is received by the Office of Indian Gaming.  25 C.F.R. § 293.15(b).

20.     A compact or compact amendment takes effect on the date that notice of its approval is published in the Federal Register.  25 U.S.C. § 2710(d)(3)(B); 25 C.F.R. § 293.15(a).

21.     The Secretary has no authority to avoid IGRA's Federal Register publication requirement by placing a deemed approved compact or compact amendment in limbo.  25 U.S.C. § 2710(d)(8)(D); 25 C.F.R. § 293.15.  The Secretary has no authority to refuse to publish notice of an approved or deemed approved compact or amendment in the Federal Register.  *Id.*

22.     In sum, Congress imposed a statutory scheme designed to ensure prompt decision-making by the Secretary.  The Secretary must conduct the review of a compact or amendment within 45 days of receipt and decide that the compact or amendment is either (a) approved or (b) disapproved for any of three permissible reasons authorized by IGRA and its implementing regulations.  If the Secretary fails to affirmatively approve or disapprove, the compact amendment is deemed approved at the end of 45 days.  Then IGRA and its implementing regulations require the Secretary to publish a notice of the approval – whether it is an affirmative approval or a deemed approval – in the Federal Register within 90 days of receipt.

**Factual Background**

23.     This action involves amendments to Class III gaming compacts governed by IGRA and its implementing regulations.

24.     The Secretary reviewed and approved the Mohegan Tribe's Tribal-State Compact with the State of Connecticut and published notice of approval of the compact in the Federal Register on December 16, 1994.

25.     The Secretary reviewed the mediator-selected Tribal-State compact for the Mashantucket Pequot Tribe and the State of Connecticut and with minor technical amendments published notice of the compact as prescribed procedures in the Federal Register on May 31, 1991.

26.     The Secretary-approved compacts described in paragraphs 24 and 25 are hereinafter referred to as "the compacts."

27.     In or about 2015, the State of Connecticut and the Mohegan Tribe, and the State of Connecticut and the Mashantucket Pequot Tribe, respectively, began to consider

amending the compacts and related Memoranda of Understanding between each Tribe and the State, together hereinafter "compact amendments," to clarify that the Tribes' operation of a commercial gaming facility outside the Tribes' Indian lands will not alter or compromise the Tribes' existing agreements with the State.

28.     On April 12, 2016, the Tribes requested technical assistance from the Office of Indian Gaming concerning the compact amendments.

29.     The Department provided technical assistance to the Tribes on the compact amendments through a letter dated April 25, 2016.

30.     The Department again provided technical assistance related to the compact amendments through a letter dated May 12, 2017.

31.     In the context of providing the technical assistance described in the preceding two paragraphs, the Department repeatedly informed representatives of the Tribes that it intended to approve the compact amendments in accordance with IGRA and its implementing regulations.

32.     Accordingly, by letters dated July 31, 2017 and August 1, 2017, the Tribes sent the Office of Indian Gaming formal requests for approval of the compact amendments pursuant to IGRA and its implementing regulations.

33.     The compact amendments were approved and executed by the appropriate authorities of the Tribes in accordance with the applicable tribal laws.  The compact amendments were also approved and executed by the appropriate authorities of the State of Connecticut under the Constitution and laws of the State of Connecticut.  Accordingly, the compact amendments submitted to the Defendants are validly entered into.

34.     Defendants received the Tribes' requests for approval of the compact amendments on August 2, 2017.

35.     Thereafter, the Department continued to inform representatives of the Tribes that it intended to affirmatively approve the compact amendments and that no additional information was needed.

36.     Pursuant to IGRA and the implementing regulations, the Secretary was limited to two courses of action in responding to the Tribes' requests:  (a) affirmative approval of the compact amendments or (b) affirmative disapproval of the compact amendments for any of the three permissible reasons provided by IGRA and its implementing regulations as set forth in paragraph 17.  If he failed to take either of those actions within the 45-day review period, the compact amendments are deemed approved by operation of law.

37.     The Secretary failed to affirmatively approve the compact amendments within 45 days of receipt, and he also failed to affirmatively disapprove the compact amendments for any of the three permissible reasons authorized by IGRA and its implementing regulations. Instead, then Acting Assistant Secretary of Indian Affairs Michael S. Black (the "Acting Assistant Secretary") sent the Plaintiffs substantially identical letters dated September 15, 2017 (hereinafter referred to as the "September 15, 2017 Letters") in which the Department purported to "return" the compact amendments to Plaintiffs.

38.     Returning a compact amendment submitted for approval is not one of the options allowed to the Secretary under IGRA or its implementing regulations.

39.     Section 2710(d)(8)(C) of IGRA and its implementing regulations, 25 C.F.R. § 293.12, state that if the Secretary does not approve or disapprove a compact or amendment

within 45 days, the compact or amendment shall be "considered to have been approved" by the Secretary.

40.     Because the 45-day review period expired on September 16, 2017 with no affirmative approval or disapproval, the compact amendments are deemed approved by operation of law.

41.     Pursuant to IGRA and its implementing regulations, the Secretary was required to perform the ministerial act of publishing notice of that deemed approval in the Federal Register on or before October 31, 2017, within 90 days from the date that the Office of Indian Gaming received the compact amendments.  25 U.S.C. § 2710(d)(8)(D); 25 C.F.R. § 293.15(b).

42.     The Secretary failed to perform the discrete, mandatory ministerial act of publishing notice of the compact amendments as deemed approved on or before the mandatory deadline of October 31, 2017 and, to date, the Secretary has continued to fail to perform that task.

43.     Plaintiffs are and continue to be harmed because deemed approved compact amendments do not take effect until the notice is published in the Federal Register.  25 C.F.R. § 293.15(a).

## COUNT I

44.     The foregoing allegations are re-alleged and incorporated by reference as if restated fully herein.

45.     Defendants' attempt to "return" the submitted compact amendments rather than approve, disapprove, or acknowledge that they have become deemed approved is an action

that was "short of statutory right," "in excess of statutory authority," and was arbitrary and capricious and "otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (C).

46.     The September 15, 2017 Letters neither approved nor disapproved the submitted compact amendments.

47.     Accordingly, pursuant to 25 U.S.C. § 2710(d)(8)(C) and 25 C.F.R. § 293.12, the compact amendments are deemed approved.

48.     Defendants have not treated, and upon information and belief do not intend to treat, the submitted compact amendments as deemed approved.

49.     Failure to treat the submitted compact amendments as deemed approved is arbitrary and capricious and otherwise not in accordance with law.

50.     Defendants' failure to treat the submitted compact amendments as deemed approved hinders the Plaintiffs' mutual governmental and economic interests and otherwise creates uncertainty as to the Plaintiffs' rights, duties and obligations under the compacts.

51.     Accordingly, Plaintiffs seek a declaratory judgment that the compact amendments are deemed approved pursuant to 25 U.S.C. § 2710(d)(8)(C) and its implementing regulations, 25 C.F.R. § 293.12.

## COUNT II

52.     The foregoing allegations are re-alleged and incorporated by reference as if restated fully herein.

53.     Plaintiffs have a clear right to relief because Plaintiffs fall within the zone of interests of IGRA.  Plaintiffs also have a clear right to relief because IGRA and its implementing regulations set forth what the Defendants must do after submission of a compact or compact amendment for review.

54.     Defendants have a mandatory duty to publish notice of approvals of compact amendments in the Federal Register.  When a compact or compact amendment is approved or deemed approved by operation of law, the Secretary "shall" publish a notice of approval of the amendment in the Federal Register.  25 U.S.C. § 2710(d)(8)(D); 25 C.F.R. § 293.15(b).

55.     Because the compact amendments were deemed approved by operation of law (due to expiration of the 45-day review period on September 16, 2017), Defendants had a clear mandatory duty to Plaintiffs to publish notices of approval of the compact amendments in the Federal Register within 90 days after receipt of the requests for approval, on or before October 31, 2017.  Defendants failed to publish within that 90-day period.

56.     Defendants' failure to publish notice in the Federal Register that the compact amendments were deemed approved is agency action "unlawfully withheld."  5 U.S.C. § 706(1).

57.     Publication in the Federal Register of the notice that the submitted compact amendments are deemed approved is a discrete, mandatory ministerial act of the Secretary; Defendants have no discretion to refuse to publish.

58.     Absent publication in the Federal Register, Plaintiffs have been and will continue to be harmed because the compact amendments, while deemed approved, will not "take effect" under IGRA.  25 U.S.C. § 2710(d)(3)(B); 25 C.F.R. § 293.15(a).

59.     Plaintiffs have no other adequate remedy at law.

60.     Accordingly, Plaintiffs request an order or writ of mandamus directing Defendants to publish notice of approval of the compact amendments in the Federal Register.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that the Court:

1.      Declare that the compact amendments are considered to have been approved by the Secretary as a matter of law;

2.      Issue an order or writ compelling the Secretary to immediately publish notice of approval of the compact amendments in the Federal Register;

3.      Retain jurisdiction until the Defendants have completed their court-ordered obligations; and

4.      Grant Plaintiffs such further and additional relief as the Court may determine is just and proper.

Dated: November 29, 2017                    Respectfully submitted,


                                            STATE OF CONNECTICUT


                                            By:____/s/ JJC with consent_____
                                                Joseph J. Chambers
                                                Assistant Attorney General
                                                Joseph.Chambers@ct.gov
                                                Mark F. Kohler (govt. certification form
                                                pending)
                                                Assistant Attorney General
                                                Mark.Kohler@ct.gov
                                                Robert W. Clark (govt. certification form
                                                pending)
                                                Special Counsel to the Attorney General
                                                Robert.Clark@ct.gov
                                                Connecticut Office of the Attorney General
                                                55 Elm Street, P.O. Box 120
                                                Hartford, CT 06141-0120
                                                Tel.: 860-808-5020
                                                Fax: 860-808-5347

                                                *Attorneys for Plaintiff*
                                                *The State of Connecticut*

DENTONS US LLP


By: _____/s/_____
    Tami Lyn Azorsky, Bar No. 388572
    tami.azorsky@dentons.com
    V. Heather Sibbison, Bar No. 422632
    heather.sibbison@dentons.com
    Christina M. Carroll, Bar No. 473337
    christina.carroll@dentons.com
    1900 K Street, NW
    Washington, District of Columbia  20006
    Telephone:  (202) 496-7500
    Facsimile:  (202) 408-6399

    *Attorneys for Plaintiff*
    *Mohegan Tribe of Indians of Connecticut*


DRUMMOND WOODSUM


By: ____/s/ KS with consent_____
    Kaighn Smith, Jr., Bar No. MI0027
    KSmith@dwmlaw.com
    Robert L. Gips (*pro hac vice* motion
    forthcoming)
    RGips@dwmlaw.com
    84 Marginal Way, Suite 600
    Portland, Maine  04101-2480
    Telephone:  (207) 727-1941
    Facsimile:  (207) 772-3627

    *Attorneys for Plaintiff*
    *Mashantucket Pequot Tribe*